"This pro se action for recovery of interest paid on monies withdrawn, and then repaid, to the Civil Service Retirement Fund (CSRF) is before the court on defendant’s *965 motion for summary judgment, plaintiffs cross-motion for summary judgment, and plaintiffs motion to dismiss defendant’s motion. We hold for defendant.
"Plaintiff, in a petition filed on April 5, 1977, alleges jurisdiction in this court under 28 U.S.C. § 1491. He contends that he was 'illegally required’ to pay the sum of $980.00 in interest on the $1786.00 which he withdrew from the CSRF, when he left federal employment in 1949, and then repaid, over the course of twenty-four years, after he returned to federal employment in 1950. He argues that he was forced to pay this interest only because the Civil Service Commission (CSC) wrongly construed 5 U.S.C. § 8334(e), which reads, in pertinent part:
. . . Interest may not be charged for a period of separation from the service which began before October 1, 1956. (emphasis added)
"Plaintiff argues that, because his one-year separation began in 1949, he should not be charged any interest on any of the money which he held out of the CSRF for nearly twenty-four years after beginning his subsequent federal employment. Plaintiff cites no judicial determination or legislative history that would support his interpretation of the section.[1] We find his argument unconvincing.
"Defendant answers simply, citing the statutory language and extensive legislative history, that the purpose of the quoted portion of § 8334(e) was to prevent payments on money held during 'periods of separation’ and that plaintiff was not charged any interest for his one-year period of separation. Plaintiff was charged interest only for the *966 period, after federal reemployment, when he was again covered by the Civil Service Retirement Act, but retained funds due the CSRF.
"We find the statutory language clear,on its face, and the legislative history overwhelmingly in favor of defendant’s interpretation. The obvious purpose and effect of § 8334(e) is to allow recovery of interest by the CSRF on funds withheld by federal employees during periods of federal employment, but to preclude such recovery on funds withdrawn and held while an individual was not federally employed, so long as that period of non-federal employment began prior to October 1, 1956.[2] This is precisely the effect given § 8334(e) by the CSC.
"For the reasons stated, we reject plaintiffs assertion that he was 'illegally required’ to pay the interest accruing during his subsequent period of federal employment and hold that the CSC acted properly in charging him that interest while excluding the interest accruing during his one-year period of separation.
"IT IS HEREBY ORDERED, upon consideration of the pleadings, motions, and briefs in support thereof, without oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied and plaintiffs motion to dismiss defendant’s motion is denied. The petition is dismissed.”

 Even the letter from the Assistant General Counsel of the CSC, upon which plaintiff relies so heavily, states that an employee may be
". . . charged interest on a redeposit of a refund for the time from the date of his reemployment and subsequent breaks in service that began on or after October 1, 1956. Therefore, your retirement counselor was incorrect in stating that an employee separated from service prior to October 1, 1956, and subsequently reemployed may be charged interest. . . covering the period of separation from the service.” (emphasis added)
We believe this to fairly state the position which defendant has consistently maintained. It is possible that the Assistant General Counsel could have answered plaintiff with more particularity had he known his answer would become the basis of a personal claim. However, we note that plaintiffs original inquiry was sent on National Labor Relations Board letterhead, requested a general interpretation for 'all departments,’ and in no way related the specific facts now in issue.

 See, e.g., 103 Cong.Rec. 633 (1957)(statement by Congressman Hemphill, the sponsor of the bill, containing the language in question); H.R. Rep. No. 540, 85th Cong., 1st Sess. (1957) reprinted in [1957] U.S. Code Cong. & Ad. News 1265-67 (committee explanation of H.R. 3048, Congressman Hemphill’s bill).